**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| ROBIN KAY; et al., | No. 05-15191 |
| --- | --- |
| Plaintiffs - Appellants, | D.C. No. CV-04-00719-LKK  PAN |
| v. | |
| PLACER COUNTY; et al., | **JUDGMENT** |
| Defendants - Appellees. | |

Appeal from the United States District Court for the Eastern District of California (Sacramento).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the Eastern District of California (Sacramento) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 01/23/07

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

FEB 15 2007

by _[signature]_
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

**JAN 23 2007**

UNITED STATES COURT OF APPEALS

**CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS**

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBIN KAY; PHILIP KAY,<br><br>      Plaintiffs - Appellants,<br><br>  v.<br><br>PLACER COUNTY; PLACER COUNTY BOARD OF SUPERVISORS; PLACER COUNTY PLANNING DEPARTMENT; PLACER COUNTY PARCEL REVIEW COMMITTEE; FRED YEAGER; GEORGE ROSASCO; ROY KIRKORIAN; GAYLE KIRKORIAN,<br><br>      Defendants - Appellees. | No. 05-15191<br><br>D.C. No. CV-04-00719-LKK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior Judge, Presiding

Argued and Submitted January 11, 2007
San Francisco, California

Before:     GOODWIN and W. FLETCHER, Circuit Judges, and HOLLAND[**],
District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

Plaintiff-Appellants Philip and Robin Kay ("the Kays") appeal the district court's decision to dismiss their suit for failure to state a claim. The Kays allege that Placer County and related parties ("the County"), together with Roy and Gayle Kirkorian ("the Kirkorians"), violated their rights to due process and equal protection by subdividing the Kirkorians' property under the guise of a Minor Boundary Line Adjustment ("MBLA"). After reviewing the district court's decision de novo, accepting all facts alleged in the complaint as true and construing them in the light most favorable to the nonmoving party, *see, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), we affirm.

The district court held that the Kays did not have standing to challenge the County's first boundary line adjustment. We conclude that the Kays have satisfied the requirements of Article III standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). However, we agree with the district court that the Kays' procedural due process claim with respect to the first MBLA nevertheless fails as a matter of law.

The first boundary line adjustment took place before the Kays purchased the property. Any notice, had it been given, therefore would have gone to the previous owners rather than to the Kays. However, neither California law nor the Due Process Clause requires that property owners receive notice or an opportunity

2

to be heard when their neighbors seek MBLAs. This is because the decision to grant or deny an MBLA is nondiscretionary. *See* Cal. Gov. Code § 66,412(d); *San Dieguito P'ship, L.P. v. City of San Diego*, 7 Cal. App. 4th 748, 760 (Cal. Ct. App. 1992).

The Kays attempt to get around this difficulty by alleging that the County wrongly concluded that the Kirkorians' property consisted of two separate parcels. Had the County found that the Kirkorians were subdividing a single parcel rather than adjusting the boundary between two existing parcels, the County would have been required to reject the Kirkorians' first MBLA application. Perhaps the County's decision was in error, or perhaps the County did not follow established procedures when it determined that the Kirkorians owned two separate parcels, but, if so, these were not errors of federal law. *See Barclay v. Florida*, 463 U.S. 939, 957-58 (1983) ("[M]ere errors of state law are not the concern of this Court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution."); *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991) ("The issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point."); *cf. WMX Techs., Inc. v. Miller*, 80 F.3d 1315, 1319 (9th Cir. 1996) ("The Due Process Clause does not, by its own force, extend individuals a

right to be free of injury wherever a state is characterized as the tortfeasor. The Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States.") (internal quotation marks omitted).

The Kays' procedural due process claim with respect to the second MBLA fails as well. The second MBLA, which merely addressed a setback violation, did not deprive the Kays of a protected property interest. Moreover, the Kays received notice and a hearing before the County granted the second MBLA.

The Kays also have failed to state a substantive due process claim. When "dealing with abusive executive action . . . only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotation marks omitted); *see also Armendariz v. Penman*, 75 F.3d 1311, 1318-19 (9th Cir. 1996) (en banc) (noting that "the use of substantive due process to extend constitutional protection to economic and property rights has been largely discredited"). The complaint offers only the unsupported legal conclusion that the County granted the Kirkorians' MBLA applications arbitrarily and in bad faith. We need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The Kays' final due process claim alleges an improper delegation of authority from the County to the Kirkorians. The extent to which state actors may delegate government functions is, in the first instance, a question of state law. Even if federal law is implicated, the complaint does no more than state the legal conclusion that an unlawful delegation occurred. That conclusion is contradicted by the facts alleged in the complaint, which indicate that the County did not delegate its decisionmaking authority to the Kirkorians.

As to the Kays' equal protection claim, the district court correctly found no violation as a matter of law. The Kays have not alleged that they were "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) (internal quotation marks omitted). Given that the Kays did not purchase their property until after the first MBLA was issued, they cannot allege that the County singled them out for unfavorable treatment. *See, e.g., Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (noting that courts must be able to identify "the factor motivating the alleged discrimination"). Moreover, we apply the same highly deferential rationality standard in both the substantive due process and equal protection

contexts. *See Armendariz*, 75 F.3d at 1326 n.11. The Kays' unsupported legal conclusions are insufficient to support either claim.

Because the Kays have not stated a constitutional claim, their effort to hold the Kirkorians liable pursuant to 42 U.S.C. §§ 1983 and 1985(3) necessarily fails.

The Kays argue that they should be granted leave to amend their complaint. We conclude that amendment would be futile and that the district court's decision to dismiss with prejudice and without leave to amend was appropriate. The Kays have sought to recast what are, at best, state-law claims into federal causes of action. Amendment will not cure this fundamental flaw.

AFFIRMED.